### T. M. SHEPARD V. THE STATE.

No. 22050, Delivered April 1, 1942.

The opinion states the case.

*Howard C. Davison,* of Rotan, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with cattle theft, and by the jury convicted and given a sentence of two and one-half years in the penitentiary.

There are no bills of exceptions in the record.

The facts are rather peculiar. It is shown that Mr. Baker, the owner of the calf claimed to have been stolen, on the night of the alleged theft, had been drinking rather heavily, and possibly in company with appellant and a companion, W. C. Melton, who was also charged with this same theft. Mr. Baker was the owner of a calf which he kept tied near its mother, which was also staked near Baker's house, in the town of Rotan. After Mr. Baker had taken a few drinks in the town of Rotan, he went home late in the nighttime, or rather in the early morning hours, and his calf was still tied near the house. Later on, attracted by the lowing of the cow, the calf's mother, the Baker family was aroused, and upon inspection, it was found that the calf was gone, the rope by which it was tethered being cut with a knife, and after investigation appellant and W. C. Melton were arrested at Sweetwater the next day, and they told where they had secreted such calf, and where they had left the trailer. It was shown that some one in their sock feet had cut the rope with which the calf was tied, and had then driven it on foot for a block or two and loaded it into a trailer, and had taken it to a field belonging to appellant's father, and there tethered it to a cultivator. Mr. Baker denied having given his consent to appellant or anyone else to take this animal.

Appellant as well as Melton testified that they were drinking pretty heavily on the night in question; that they drank with Baker; that Baker tried at first unsuccessfully, but finally overcome their objections to get them to go and get this animal from his own house and carry it away for him. They finally agreed to do so, in the presence of a witness, and that they were merely obliging Baker, and did not steal this calf. They were afraid of kicking rocks or other things around however when they got near Baker's home, and thus arousing Mrs. Baker, of whom they seemed to be afraid, so appellant took off his new pair of shoes and went in his sock feet and drove the animal away from the Baker home, some block or so distant, and loaded it in a trailer and drove away with it.

Mr. Baker denied any agreement, or knowledge of any such agreement, with appellant and his companion, or either of them. Thus was formed an issue of fact for the jury's determination, and they decided the same adversely to appellant's contention.

We think the facts are sufficient to support such a conclusion.

The judgment is therefore affirmed.